**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**NICOLE WENSIL,**

      **Petitioner,**

**v.**                          **Case No. 4:14cv444-WS/CAS**

**WARDEN OF FCI TALLAHASSEE,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about August 18, 2014, Petitioner Nicole Wensil, a federal prisoner proceeding pro se, filed a "Placeholder Motion for Writ of Habeas Corpus," pursuant to 28 U.S.C. § 2241.   ECF No. 1.   After direction from this Court, Petitioner filed a § 2241 petition on the proper form.   ECF No. 4.   On December 5, 2014, Respondent filed an answer.   ECF No. 9. Petitioner did not file a reply, although given the opportunity to do so.   *See* ECF No. 7.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration, the undersigned concludes that Petitioner has not demonstrated entitlement to proceed under § 2241 and this petition should be dismissed.

## Background

On December 18, 2006, in the United States District Court for the Middle District of Georgia, before Judge W. Louis Sands, Petitioner Nicole Wensil entered a guilty plea in open court to two counts, in connection with offenses that ended May 25, 2006:   (1) conspiracy to possess with intent to distribute 500 or more grams of cocaine, in violation of 21 U.S.C. § 846 in conjunction with 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii); and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).   United States v. Wensil, No. 1:06cr31-002 (M.D. Ga.), ECF No. 115 (Plea Agreement).   In a written judgment imposed April 12, 2007, the court sentenced her to a total 172 months in prison (112 months on the first count and 60 months on the second, to run consecutively), followed by 5 years of supervised release.   *Id.* ECF No. 155.

On October 24, 2007, through counsel, Wensil filed a Motion for Out of Time Appeal, which the court considered as a § 2255 motion.   *Id.* ECF Nos. 176, 180, 190.   The Government filed a response, arguing the motion should be denied.   *Id.* ECF No. 182.   The U.S. Magistrate Judge, Mallon Faircloth, issued a Report and Recommendation on May 19, 2008, that the § 2255 motion be denied, and Judge Sands accepted and adopted the

recommendation in an order dated July 18, 2008, denying Wensil's motion. *Id.* ECF Nos. 197 (Order), 194 (Report and Recommendation).

On or about June 14, 2010, Wensil filed a pro se § 2255 motion in the Middle District of Georgia, requesting her sentences on each count be run concurrently, rather than consecutively.   *Id.* ECF No. 219.   In a Report and Recommendation filed December 17, 2010, the U.S. Magistrate Judge, Thomas Q. Langstaff, found the motion successive and unauthorized; accordingly, the judge recommended the § 2255 motion be dismissed.   *Id.* ECF No. 236.   Judge Sands accepted and adopted the recommendation in an order entered January 19, 2011, dismissing the § 2255 motion.   *Id.* ECF No. 237; *see id.* ECF No. 238 (Judgment).

Wensil filed several other motions, including a motion to appoint counsel, id. ECF No. 240, motion for downward departure, *id.* ECF No. 241, and motion for reconsideration, *id.* ECF No. 246, all of which the court denied, *id.* ECF Nos. 253, 254.   She also filed another § 2255 motion, *id.* ECF No. 249, which the court dismissed, *id.* ECF Nos. 250 (Report and Recommendation), 253 (Order).

Wensil twice filed applications with the Eleventh Circuit Court of Appeals seeking authorization to submit a successive § 2255 motion.   *See* In re: Wensil, No. 14-12821 (11th Cir.); In re: Wensil, No. 14-14121 (11th

Cir.).   In both instances, the Eleventh Circuit denied her application.   *See* In re: Wensil, No. 14-12821 (order entered July 16, 2014); In re: Wensil, No. 14-14121 (order entered September 25, 2014).

As indicated above, Petitioner Wensil filed this § 2241 petition on or about August 18, 2014, while incarcerated at the Federal Correctional Institution in Tallahassee, Florida.   ECF No. 1.   According to the website for the Federal Bureau of Prisons, Wensil is now incarcerated at the Federal Correctional Institution in Aliceville, Alabama, with a release date set for December 7, 2017.   *See* www.bop.gov.   Although Wensil's apparent prison transfer after she filed her § 2241 petition does not deprive this Court of jurisdiction, *see* Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004), her failure to provide this Court with an updated address could warrant dismissal of this case.

Respondent filed an answer.   ECF No. 9.   Respondent argues this § 2241 petition should be dismissed because the Court lacks subject matter jurisdiction to consider the case.   *Id.* at 1.   Respondent explains that Petitioner Wensil has filed § 2255 motions, all of which were denied, and now seeks relief under § 2241.   *Id.* at 3-4.   Respondent asserts Wensil has not met her burden of opening the portal to seek relief under § 2241 by establishing that the savings clause of § 2255 applies.   Respondent further

asserts that, to the extent Wensil argues the U.S. Supreme Court's decision in United States v. Alleyne, 113 S. Ct. 2151 (2013), supports her claims here, such argument fails to confer jurisdiction under the savings clause because the Eleventh Circuit has held Alleyne does not apply retroactively to cases on collateral review.   ECF No. 9 at 4; *see* Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285 (11th Cir. 2014).

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus.   *See* United States v. Hayman, 342 U.S. 205 (1952).   The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."   As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement.   342 U.S. at 213.   Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title

28.   *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.   *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence).   Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention.   *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In this case, Wensil's § 2241 petition raises four grounds:

(1)  Ineffective assistance of counsel where the "U.S. Sentencing Guidelines Manual – 41.1(e) add 2 points if the instant offense was committed prior 2 years before confinement." ECF No. 4 at 3;

(2)  Drug Quality:   "There has to be a[n] exact drug quality to sentence you," citing Alleyne v. United States, 133 S.Ct. 2151 (2013).   *Id.*

(3)  Ineffective assistance of counsel where "Due Process – Amendment 6th broke, due to multiple errors on PSR, [which] if corrected I could receive a downward departure." *Id.* at 4.

(4)  Proffer signed but "I didn't receive any relief on Proffer when assisting the government."   *Id.*

Wensil thus challenges the validity of her conviction and sentence, not the execution of her sentence.

A collateral attack on the validity of a federal conviction and sentence is properly brought under 28 U.S.C. § 2255 in the district of conviction. *See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer v. Holder, 326 F.3d 1353, 1365 (11th Cir. 2003); Jordan, 915 F.2d at 629.   The Eleventh Circuit has explained:

> In general, a federal prisoner seeking to challenge the legality of his conviction or sentence has two bites at the apple: one on direct appeal, and one via a § 2255 motion.   In the interests of finality, the law generally bars prisoners from filing second or successive § 2255 motions, except when "certified as provided in section 2244[(b)(3)(A)] by a panel of

the appropriate court of appeals to contain" either
"newly discovered evidence" of actual innocence or
"a new rule of constitutional law, made retroactive to
cases on collateral review by the Supreme Court,
that was previously unavailable."   *See* 28 U.S.C.
§ 2255(h); Gilbert [v. United States], 640 F.3d
[1293,] 1309 [(11th Cir. 2011 (en banc)].   This bar
on second or successive motions is jurisdictional.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339 (11th

Cir. 2013).   "A petitioner who has filed and been denied a previous § 2255

motion may not circumvent the successive motion restrictions simply by

filing a petition under § 2241."   Darby v. Hawk-Sawyer, 405 F.3d 942, 945

(11th Cir. 2005) (citing Wofford, 177 F.3d at 1245); *see, e.g.*, Antonelli, 542

F.3d at 1351.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

An application for a writ of habeas corpus in behalf of a prisoner
who is authorized to apply for relief by motion pursuant to this
section, shall not be entertained if it appears that the applicant
has failed to apply for relief, by motion, to the court which
sentenced him, or that such court has denied him relief, *unless
it also appears that the remedy by motion is inadequate or
ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238.   The

italicized language, known as the "savings clause," allows review of a claim

barred as successive under § 2255, but only in limited circumstances:

The savings clause of § 2255 applies to a claim when: 1) that
claim is based upon a retroactively applicable Supreme Court
decision; 2) the holding of that Supreme Court decision

establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.   Failure to meet a single prong means a petitioner's claim fails.   *See* Wofford*,* 177 F.3d at 1244; Flint v. Jordan, 514 F.3d 1165, 1168 (11th Cir. 2008).   "The applicability of the savings clause is a threshold jurisdictional issue, and the savings clause imposes a subject-matter jurisdictional limit on § 2241 petitions."   Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1273 (11th Cir. 2014) (citing Williams, 713 F.3d at 1337-38).   A petitioner has the burden of demonstrating entitlement to proceed under the savings clause.   *Id.*

As set forth above, Wensil has filed numerous motions, including § 2255 motions, in the sentencing court challenging her conviction and sentence.   This § 2241 petition is an attempt to circumvent the restrictions on successive § 2255 motions.   To proceed under § 2241, Wensil has to show that she is entitled to proceed under the savings clause and § 2255 is "inadequate or ineffective" to challenge the legality of her detention.   28 U.S.C. § 2255(e).

Wensil has made no specific argument or showing that she is entitled to proceed under the savings clause.   She does not identify or explain how

she satisfies the <u>Wofford</u> test.   In her second ground, she references the <u>Alleyne</u> decision by the U.S. Supreme Court, but "neither <u>Alleyne</u> itself nor any later Supreme Court decision holds that <u>Alleyne</u> is retroactive."   <u>Jeanty v. Warden, FCI-Miami</u>, 757 F.3d 1283, 1285 (11th Cir. 2014).

Indeed, Wensil does not identify any "retroactively applicable Supreme Court decision overturning circuit precedent," <u>Wofford</u>, 177 F.3d at 1245, or satisfy any subsequent test identified by the Eleventh Circuit, to open the § 2241 portal.   *See* <u>Gilbert</u>, 640 F.3d at 1319 (explaining that three-factor test in <u>Wofford</u> was "only dicta" and "[t]he actual holding of the <u>Wofford</u> decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings"); <u>Turner v. Warden Coleman FCI (Medium)</u>, 709 F.3d 1328, 1334 (11th Cir. 2013) ("The upshot of <u>Gilbert</u>, then, is that the last bastion in which a petitioner claiming an error in the application of the sentencing guidelines can possibly seek refuge through § 2241 is when his claims involve an intervening change in the law that renders erroneous the ACCA violent felony enhancement used to enhance his sentence beyond the statutory maximum."); <u>Williams v. Warden, Fed. Bureau of Prisons</u>, 713 F.3d 1332, 1343 (11th Cir. 2013) (explaining: "<u>Wofford</u>'s holding establishes two

necessary conditions – although it does not go so far as holding them to be
sufficient – for a sentencing claim to pass muster under the savings clause.
First, the claim must be based upon a retroactively applicable Supreme
Court decision.   The second, and equally essential, condition is that the
Supreme Court decision must have overturned a circuit court precedent
that squarely resolved the claim so that the petitioner had no genuine
opportunity to raise it at trial, on appeal, or in his first § 2255 motion.");
Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1274 (11th Cir.
2013) ("To show his prior § 2255 motion was 'inadequate or ineffective to
test the legality of his detention,' Bryant must establish that (1) throughout
his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's
binding precedent had specifically addressed Bryant's distinct prior state
conviction that triggered § 924(e) and had squarely foreclosed Bryant's
§ 924(e) claim that he was erroneously sentenced above the 10-year
statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255
proceeding, the Supreme Court's decision in Begay [v. United States, 553
U.S. 137 (2008)], as extended by this Court to Bryant's distinct prior
conviction, overturned our Circuit precedent that had squarely foreclosed
Bryant's § 924(e) claim; (3) the new rule announced in Begay applies

retroactively on collateral review; (4) as a result of <u>Begay</u>'s new rule being retroactive, Bryant's current sentence exceeds the 10-year statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-<u>Begay</u> error claim of illegal detention above the statutory maximum penalty in § 924(a).").

Petitioner Wensil has not shown the savings clause applies here because remedy by § 2255 was "inadequate or ineffective" to test the legality of her detention.   She previously filed a § 2255 motion and the Eleventh Circuit has not authorized her to file a successive motion. Therefore, this § 2241 petition should be dismissed for lack of jurisdiction.

## Conclusion

For the reasons set forth above, Petitioner Wensil has not shown entitlement to proceed under 28 U.S.C. § 2241.   Accordingly, it is **RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 4) be **DISMISSED for lack of jurisdiction**.

**IN CHAMBERS** at Tallahassee, Florida, on November 4, 2016.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.